UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JUDE JACQUES,

                    Petitioner,

                                MEMORANDUM AND ORDER
       -against-                   07-CR-0844(JS)

UNITED STATES OF AMERICA,

                    Respondent.
-------------------------------------X
APPEARANCES
For Petitioner:     James Darrow, Esq.
                   Federal Defenders of New York
                   1 Pierrepont Plaza, Sixteenth Floor
                   Brooklyn, New York 11201

For Respondent:    Monica K. Castro, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, New York 11722

SEYBERT, District Judge:

        On June 17, 2016, petitioner Jude Jacques ("Petitioner"), through counsel, filed a placeholder petition to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") and Administrative Order 2016-05. (See Mot., D.E. 160.) This Administrative Order granted petitioners permission to file "form" petitions "[i]n light of the United States Supreme Court decision in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and the fact that several hundred petitions are expected to be filed by

federal prisoners seeking relief under 28 U.S.C. § 2255 before the
statute of limitations expires on June 27, 2016." (Admin. Order
2016-5, D.E. 160-1.)   On July 26, 2019, Petitioner filed a
supplemental motion after the Supreme Court decided United States
v. Davis, -- U.S. --, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019),
which held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally
vague. (See Supp. Mot., D.E. 188.)   For the reasons that follow,
Petitioner's motions are DENIED.

BACKGROUND

I.   The Indictment and Guilty Plea

         The Court presumes familiarity with the facts underlying
this case.   However, by way of review, on November 20, 2007,
Petitioner was charged with one count of Hobbs Act robbery
Conspiracy (Count One), two counts of Hobbs Act robbery for the
robberies of the Two D's Tailoring tuxedo rental store (Count Two)
and Yole Beauty Salon (Count Four), and two counts of Possession
of a Firearm During a Crime of Violence in connection with each
robbery (Count Three (the Two D's robbery) and Count Five (the
Yole robbery)). (Indictment, D.E. 1.)   On June 11, 2009, the
Government filed a Superseding Indictment (S-2) charging
Petitioner with the above-stated Counts One through Five as well
as two additional counts of Hobbs Act robbery (Counts Six and
Eight) and two additional counts of Use of a Firearm During a Crime

2

of Violence in relation to the newly added Hobbs Act robbery counts (Count Seven and Nine). (Superseding Indictment (S-2), D.E. 66.)

On June 15, 2009, Petitioner pled guilty to Hobbs Act robbery conspiracy in violation of 18 U.S.C. §§ 1951(a) and 3551, et seq. ("Count One") and Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 and 3551, et seq. ("Count Five"), pursuant to a plea agreement with the Government. (Min. Entry, D.E. 67; Plea Tr., Ex. A to Gov't Resp., D.E. 192-1, at 3:11-22.) During his guilty plea, Petitioner allocuted regarding Count One and stated that he, along with his co-conspirator, committed the robberies at the Yole Beauty Salon and Two D's Tailoring shop, as charged in Counts Two and Four, and conspired to rob the stores as charged in Counts Six and Eight. (Plea Tr. at 21:17-12, 25:4-16.) With respect to Count Five, Petitioner stated that during the Yole Beauty Salon robbery (Count Four), he and his co-conspirator entered the store and "robbed the place" by taking money from the store and customers. (Plea Tr. at 26:18-27:14.) Petitioner also stated that both he and his co-conspirator each possessed the same firearm, with his co-conspirator handing it to Petitioner, and that he "knowing and intentionally" displayed the gun during the robbery. (Plea Tr. at 26:25-27:22.)

As part of the plea agreement, Petitioner agreed that he would not file an appeal or challenge his conviction if the Court

imposed a sentence of 294 months' incarceration or less.  (Plea Tr. at 20:6-21.)  On June 21, 2011, then-District Judge Joseph F. Bianco[1] sentenced Petitioner to a term of approximately 192 months' imprisonment: 108 months' incarceration on Count One and 84 months' incarceration on Count Five, to run consecutively, followed by 3 years of supervised release.  (See Min. Entry, D.E. 138; Sent'g J., D.E. 140.)

II.  Post-Conviction Proceedings

On June 17, 2016, Petitioner, through counsel, moved to vacate his conviction under Section 2255 arguing that under Johnson, cited supra, his conviction for Count Five is invalid because his Count One conviction does not qualify as a § 924(c) crime of violence, under the statute's Elements Clause or the Residual Clause, as discussed infra.  (Mot. at ECF p. 4.)  On July 26, 2019, following the Supreme Court's decision in Davis, cited supra, Petitioner, through counsel, filed a supplemental motion.  (See Supp. Mot.)  On August 30, 2019, the Government filed its response (see Gov't Resp., D.E. 192) and on October 3, 2019, Petitioner filed a reply (see Reply, D.E. 193).

DISCUSSION

In his supplemental motion, Petitioner requests that the Court vacate his Section 924(c) conviction (Count Five) and

---

[1] This matter was reassigned to the undersigned on October 2, 2019.

resentence him to time served because "§ 924(c)'s residual clause is void [and] there is no basis to deem Hobbs Act conspiracy a 'crime of violence.'"  (Supp. Mot. at 1.)  The Government opposes the petition and argues that (1) Petitioner's Section 924(c) conviction was premised on substantive Hobbs Act robbery and is therefore not invalid (see Gov't Resp. at 1-4) and (2) the petition is barred because Petitioner waived collateral review as part of his plea agreement (id. at 4-5).  In reply, Petitioner disputes that the collateral review waiver bars his claim and further argues that § 2255 concerns a "'judgment, not charges that were made but did not result in a judgment of conviction" and here, Petitioner was convicted of possessing a gun in furtherance of a conspiracy and not Hobbs Act robbery.  (Reply at 1.)

I.    The Section 2255 Standard

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To obtain relief under § 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental

defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted).  A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993) (internal quotation marks and citations omitted); Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht to a § 2255 motion).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152-53, 166, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982).  A Court must exercise its discretion sparingly because § 2255 applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633–34, 113 S. Ct. at 1719.

II. Application to the Facts of the *Johnson/Davis* Claims

Petitioner argues that the Court must vacate his Section 924 conviction (Count Five) because the predicate crime, the Hobbs Act conspiracy conviction (Count One), falls under the residual clause of Section 924(c)(3)(B) that was declared

6

unconstitutionally vague in Davis.  (Mot. at ECF p. 4; Supp. Mot. at 1.)  Petitioner thus asks the Court to vacate his conviction as to Count Five and impose a sentence of time served as to Count One.  The Government opposes the petition and argues that the predicate "crime of violence" for Petitioner's Count Five conviction--substantive Hobbs Act robbery in Count Four--falls outside of Davis's grasp.  (Gov't Resp. at 3-4.)

A. Petitioner's Collateral Review Waiver Does Not Bar the Petition

"A defendant's knowing and voluntary waiver of the right to . . . collaterally attack his conviction and/or sentence is enforceable."  See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam).  A defendant knowingly agrees to an appeal waiver where he "fully understood the potential consequences of his waiver."  United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (internal quotation marks omitted).  "[E]xceptions to the presumption of the enforceability of a waiver, however, occupy a very circumscribed area of our jurisprudence."  See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).  For example, "[a] violation of a fundamental right warrants voiding an appeal waiver."  United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011).

Here, under the plea agreement, Petitioner agreed not to appeal or otherwise challenge his conviction if the Court imposed a term of imprisonment of 294 months' incarceration or less.  (See

Plea Tr. at 20:6-18.)   Therefore, the Government argues that the pending Section 2255 motion must be denied as barred by the appeal waiver because the Court imposed a sentence of 192 months' imprisonment.   (See Sent'g J.)   The Government is correct that, as a general rule, Petitioner's waiver is enforceable.   Petitioner does not argue that his waiver was unknowing or involuntary.   See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (affirming that an appeal waiver was knowing and voluntary where a petitioner failed to claim that he did not understand the waiver in a plea agreement); Elliott v. United States, No. 17-CR-0127, 2019 WL 6467718, at *4 (E.D.N.Y. Dec. 2, 2019) (finding the petitioner's appeal waiver was enforceable where he did "not argue that his waiver was not knowing or voluntary.").

However, the Court finds that Petitioner's waiver is not enforceable because he seeks Section 2255 relief based on Davis. The Second Circuit recently addressed Davis in United States v. Bonner but did not decide whether a Davis claim renders an appeal waiver unenforceable.   Bonner, No. 15-1868, -- F. App'x --, 2020 WL 5494488, at *3 n.2 (2d Cir. Sept. 11, 2020) (noting, without deciding, that the "Government has conceded that the appellate waiver in the parties' plea agreement does not bar [Petitioner's] Davis challenge to his § 924(c) conviction.").   Courts within this Circuit are divided on this issue.   Compare Bonilla v. United

States, No. 07-CR-0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) (deeming a collateral attack waiver unenforceable because "'[a] violation of a fundamental right warrants voiding an appeal waiver'" and the petitioner's "due process right to challenge his conviction under a statute that the Supreme Court has retroactively declared unconstitutional [in Davis] is such a right." (quoting Riggi, 649 F.3d at 147)) and United States v. Lewis, No. 10-CR-0622, 2020 WL 2797519, at *5 (E.D.N.Y. May 22, 2020) (same), with Elliott, 2019 WL 6467718, at *4 (finding collateral attack waiver enforceable where the petitioner raised a Davis claim because "[c]ourts in this circuit have consistently rejected § 2255 petitions . . . when criminal defendants waived those challenges in their plea agreements, even when the law subsequently changed in those defendants' favor"); but see Sanford, 841 F.3d at 579-81 (agreeing that a collateral attack waiver in a petitioner's plea agreement barred a successive Section 2255 motion arising out of a Johnson claim); Leyones v. United States, No. 10-CR-0743, 2018 WL 1033245, at *3 (E.D.N.Y. Feb. 22, 2018) (declining to resolve whether waiver is enforceable where the petitioner raised a Johnson claim because the  Section 2255 motion failed on the merits).

Like the petitioner in Bonilla, Petitioner challenges the constitutionality of his underlying conviction as a result of the Supreme Court's Davis decision.  See Bonilla, 2020 WL 489573, at *2 ("Here, by contrast, [Petitioner] challenges the basis of

9

his <u>conviction</u> under 18 U.S.C. §924(c)(1)(A).") (internal quotation marks omitted) (emphasis in original). As such, Petitioner's basis for relief differs from <u>Sanford</u> "in a key respect" and the "waiver of appealability is not enforceable in [Petitioner's] specific circumstances." <u>Id.</u> (noting courts in other Circuits have reached the same conclusion and citing <u>United States v. Cornette</u>, 932 F. 3d 204 (4th Cir. 2019) and <u>United States v. Torres</u>, 828 F.3d 1113 (9th Cir. 2016)). Thus, the Court proceeds to the merits of Petitioner's motion.[2]

B. <u>Legal History of Section 924(c) and Vagueness Challenge</u>

In <u>Johnson</u>, the Supreme Court held that the Armed Career Criminal Act's residual clause, that defined a "violent felony," was unconstitutionally vague and violated due process because it left "grave uncertainty about how to estimate the risk posed by a crime." <u>Johnson</u>, 135 S. Ct. 2555-57. Following <u>Johnson</u>, litigants sought to apply its holding to other statutes including, as relevant here, Section 924(c). A defendant violates Section 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section

---

[2] There is no issue of procedural default where the Court sentenced Petitioner prior to <u>Johnson</u> and <u>Davis</u>. <u>See</u>, <u>e.g.</u>, <u>Aquino v. United States</u>, No. 13-CR-0536, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) ("The Court finds that there was no procedural default in failing to raise a <u>Johnson</u>-type argument before <u>Johnson</u> was decided.").

924(c)(3) "proceeds to define the term 'crime of violence' in two subparts": subsection (c)(3)(A) is the elements or force clause (hereinafter, the "Elements Clause") and subsection (c)(3)(B) is the residual, or risk-of-force, clause (hereinafter, the "Residual Clause"). Davis, 139 S. Ct. at 2324. These clauses provide that a crime of violence is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In Davis, the Supreme Court invalidated as unconstitutionally vague the Residual Clause (Section 924(c)(3)(B)) in light of the its holdings in Sessions v. Dimaya, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018) and Johnson, 139 S. Ct. at 2336. As a result, a conviction under Section 924(c) survives only if a predicate offense is a "crime of violence" under the Elements Clause (Section 924(c)(3)(A)). See, e.g., Rosario Figueroa v. United States, No. 16-CV-4469, 2020 WL 2192536, at *2 (S.D.N.Y. May 6, 2020); Vilar v. United States, No. 16-CV-5283, 2020 WL 85505, at *1 (S.D.N.Y. Jan. 3, 2020).

Courts apply a categorical approach to determine whether an offense is a crime of violence under the Elements Clause. United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018) (citing

Taylor v. United States, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159, 109 L. Ed. 2d 607 (1990)); see United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam).  Under this categorical approach, an offense is a crime of violence where the "minimum conduct necessary for a conviction of the predicate offense" involves violence.  See Hill, 890 F.3d at 55-56; United States v. Culbert, 453 F. Supp. 3d 595, 597 (E.D.N.Y. 2020).  Courts "look only to the statutory definitions--i.e., the elements--of the offense," to resolve whether "such conduct amounts to a crime of violence under § 924(c)(3)(A)."  Hill, 890 F.3d at 55-56 (internal quotation marks and alterations omitted).

The categorical approach saves courts from determining on a case-by-case basis the level of violence at issue or from the general inquiry into "the kind of conduct that the crime involves in the ordinary case."  Davis, 139 S. Ct. at 2326 (citing Dimaya, 138 S. Ct. at 1216).  A predicate crime will not support a conviction under the Elements Clause if there is "a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not" constitute a crime of violence.  Hill, 890 F.3d at 56 (internal quotation marks and citation omitted).

C. Hobbs Act Robbery is a Crime of Violence

As an initial matter, Petitioner claims that Hobbs Act robbery cannot serve as the predicate crime of violence for his

Section 924(c) conviction because it was dismissed as part of his plea agreement and is therefore not a part of his judgment of conviction. However, a defendant need not be convicted of an offense for it to serve as the predicate "crime of violence" for a Section 924(c) conviction. Johnson v. United States ("Johnson II"), 779 F.3d 125, 129-30 & n.4 (2d Cir. 2015); see also United State v. White, 16-CR-0082, 2020 WL 5117973, at *3 (S.D.N.Y. Aug. 31, 2020). Indeed, an offense may serve as a predicate if there is "legally sufficient proof that the crime was, in fact, committed." See Johnson II, 779 F.3d at 129; United States v. Rivera, 679 F. App'x 51, 55 (2d Cir. 2017) (summary order) (denying a petitioner's Johnson claim where the defendant's plea allocution provided sufficient proof for a predicate offense that was later dismissed at sentencing).

Although Petitioner did not ultimately plead guilty to Hobbs Act robbery, he allocated to conduct consistent with the charges of Hobbs Act robbery and use of a firearm in connection with the robbery. During his plea allocution, Petitioner admitted to using, discharging, or possessing a firearm (or aiding and betting the use, discharge, or possession thereof) in connection with, or in furtherance of, at least one count of Hobbs Act robbery. Petitioner stated that he "along with [his] co-defendant entered the establishment of the Yole Beauty Salon and robbed the place." (Plea Tr. at 26:18-20.) During the Court's colloquy,

13

Petitioner further stated that he and his co-defendant each possessed a firearm during the robbery, took money from the store and store victims, and brandished the firearm during the robbery. (Plea Tr. at 27:1-19.) Therefore, based on the record before the Court, there is an adequate factual basis to support a finding that Petitioner committed Hobbs Act robbery. Rivera, 679 F. App'x at 55.

In Davis, the Supreme Court struck down Section 924(c)'s Residual Clause as unconstitutionally vague. However, Hobbs Act robbery remains a "crime of violence" under Section 924(c)'s Elements Clause. In Hill, the Second Circuit "agree[d] with all of the circuits to have address the issue . . . and [held] that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Hill, 890 F.3d at 60 (quoting 18 U.S.C. § 924(c)(3)(A)). Although Hill predates Davis, the Second Circuit has reaffirmed Hill's holding post-Davis. See United State v. Walker, 789 F. App'x 241, 245 (2d Cir. 2019) (holding that "[o]ur prior holding in [Hill], that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by Davis, Stokeling, and Barrett and remains binding on us in this case.") (internal citations omitted); see also United States v. Biba, 788 F. App'x 70, 72 (2d Cir. 2019) (citing Hill and stating that "we have held that substantive Hobbs Act robbery

14

qualifies as a 'crime of violence' under the elements clause."). Thus, Hobbs Act robbery remains a crime of violence under the Elements Clause and may properly serve as a predicate offense for a Section 924(c) conviction.

Accordingly, Petitioner's motion to vacate his conviction on Count Five is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's motions (D.E. 160 and 188) are DENIED.  The Court also declines to issue a certificate of appealability because he has not made a substantial showing that he was denied a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is respectfully directed to mark the accompanying civil case pending at Case No. 16-CV-3260 as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October __8__, 2020
         Central Islip, New York